**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**1. MARIA LEROY,**

**Plaintiff,**

**v.**

**1. OUR FAMILY TOUCH, LLC, a Domestic Limited Liability Company,**

**and**

**2. KIMBERLY ANDRE HUDSON, an individual,**

**Defendants.**

**Case No. 17-cv-207-JED-FHM**

***Jury Trial Demanded***

***Attorney Lien Claimed***

## COMPLAINT

**COMES NOW** Maria Leroy, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for her causes of action alleges as follows:

### JURISDICTION /VENUE /PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C. § 1331 (2016) and 28 U.S.C. § 1343(a)(4) (2016), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (2016), as well as supplemental jurisdiction under 28 U.S.C.A. § 1367(a) (2016), incorporating state law claims arising from the same transaction or occurrence.

2. Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3. Plaintiff Maria Leroy, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant Our Family Touch, LLC ("OFT"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic limited liability company operating in and under the laws of the State of Oklahoma.

5. Defendant Our Family Touch, LLC ("OFT"), at all times relevant to the claims alleged herein, upon information and belief, was and is an employer affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C. § 2000e(b).

6. Defendant Our Family Touch, LLC ("OFT"), at all times relevant to the claims alleged herein, upon information and belief, was and is a business providing in home health and personal care for profit in and around the City of Tulsa, Oklahoma.

7. Defendant Kimberly Andre Hudson, at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

8. Due to the foregoing, this Court has jurisdiction over the parties and subject matter as set forth in this Complaint.

## PLAINTIFF'S STATEMENT OF FACTS

9. Plaintiff Maria Leroy incorporates paragraphs 1 through 8 as if fully set forth verbatim.

10. Plaintiff was, at all times relevant to the claims alleged herein, an employee of Defendant OFT within the meaning of 42 U.S.C. § 2000e(f) (2016), working in the capacity of "Home Health Aide."

11. At all times relevant to the claims alleged herein, Plaintiff was a member of a federally-recognized protected class, i.e., a female.

12. Defendant OFT is a business that provides in-home health and personal care for senior citizens.

13. Included among Defendant OFT's clientele are senior citizens afflicted with age-related medical challenges, including those associated with Alzheimer's Disease, dementia and stroke.

14. Defendant Kimberly Andre Hudson, at all times relevant to the claims alleged herein, upon information and belief, was and is the managing member of Defendant OFT and its registered agent.

15. Accordingly, Defendant Hudson, at all times relevant to the claims alleged herein, was and is the final policy maker who possesses ultimate and unreviewable decisional authority for Defendant OFT.

16. As the ultimate decisional authority for Defendant OFT, all decisions regarding OFT employees and personnel are final with Defendant Hudson.

17. Personnel decisions that are within the final and unreviewable authority of Defendant Hudson include, but are not limited to, the following:

a. Hiring;

b. Firing;

c. Promotions;

d. Demotions;

e. Rates and terms of compensation.

18. On or about April, 2016 Defendant Hudson hired Plaintiff to work for Defendant OFT as an in-home Health Aide.

19. Soon after hiring Plaintiff, Defendant Hudson began using a cellular telephone to direct overtly sexual text messages to Plaintiff's cellular telephone.

20. Among such text messages was an offer to pay Plaintiff $150.00 in exchange for sex.

21. Most egregiously, on or about April 28, 2016, Defendant Hudson sent, via cellular telephone Plaintiff's cellular telephone, two color photographs of Defendant Hudson's erect penis.

22. Plaintiff did not request of Defendant Hudson that he send the sex-based text messages named above.

23. Plaintiff did not request of Defendant Hudson that he send the photographs named above.

24. Moreover, Plaintiff found the unsolicited photographs to be patently offensive and emotionally unsettling.

25. Further, Defendant's Hudson's actions in sending the photographs of his erect penis, without Plaintiff's approbation or consent, constituted felonies under the Oklahoma Criminal Code. *See* OKLA. STAT. TIT. 21 §§ 1021 and 1958 (2016).

26. In response to receiving the above referenced photographs, Plaintiff constructively discharged from her employment with Defendant OFT.

27. On or about May 3, 2016, Plaintiff, by and through counsel, submitted a Uniform Intake Questionnaire to the Equal Employment Opportunity Commission ("EEOC"), which complained of the actions by Defendant Hudson.

28. The submission of her complaint with EEOC, as described above, was timely in that it was filed with EEOC within 300 days of the incidents giving rise to this action.

29. On June 21, 2016, EEOC received Plaintiff's executed Amended Charge of Discrimination.

30. On April 5, 2017, the EEOC issued a "Dismissal and Notice of Rights" or "Right to Sue Letter," as the instant matter was with EEOC in excess of 180 days.

31. Accordingly, this matter has been timely filed.

## FIRST CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION / HOSTILE WORK ENVIRONMENT
### TITLE VII, 42 U.S.C. § 2000E-2(A) (2016)
### AS TO DEFENDANT OUR FAMILY TOUCH, LLC

32. Plaintiff Maria Leroy incorporates paragraphs 1 through 31 as if fully set forth verbatim.

33. Plaintiff was subjected to text messages, sent by Kimberly Hudson, managing member of Defendant OFT, that were overtly sexual in nature.

34. Plaintiff was subjected to text messages, sent by Kimberly Hudson, managing member of Defendant OFT, that contained color photographs of Hudson's erect penis.

35. Hudson's conduct, as described above and herein, was not welcomed by Plaintiff.

36. Hudson's conduct, as described above and herein, was motivated by the fact that Plaintiff is a member of the protected class, female.

37. Plaintiff found her work environment to be hostile or abusive as a result of Hudson's conduct.

38. A reasonable woman in Plaintiff's circumstances would have found the working environment to be hostile or abusive.

39. As a result of the actions constituting unlawful harassment because of Plaintiff's sex, as described herein, Plaintiff's rights were violated, causing her injury.

## SECOND CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION / CONSTRUCTIVE DISCHARGE
### TITLE VII, 42 U.S.C. § 2000E-2(A) (2016)
### AS TO DEFENDANT OUR FAMILY TOUCH, LLC

40. Plaintiff Maria Leroy incorporates paragraphs 1 through 39 as if fully set forth verbatim.

41. Plaintiff was subjected to text messages, sent by Kimberly Hudson, managing member of Defendant OFT, that were overtly sexual in nature.

42. Plaintiff was subjected to text messages, sent by Kimberly Hudson, managing member of Defendant OFT, that contained color photographs of Hudson's erect penis.

43. Hudson's conduct, as described above and herein, was not welcomed by Plaintiff.

44. Hudson's conduct, as described above and herein, was motivated by the fact that Plaintiff is a member of the protected class, female.

45. The actions on the part of Kimberly Hudson were so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.

46. Accordingly, Plaintiff did resign from her employment with Our Family Touch, LLC.

47. As a result of the actions constituting unlawful harassment because of Plaintiff's sex, and subsequent constructive discharge, as described herein, Plaintiff's rights were violated, causing her injury.

## THIRD CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### OKLAHOMA COMMON LAW
### AS TO DEFENDANT KIMBERLY ANDRE HUDSON

48. Plaintiff Maria Leroy incorporates paragraphs 1 through 47 as if fully set forth verbatim.

49. Plaintiff was subjected to text messages, sent by Defendant Kimberly Hudson, managing member of Defendant OFT, that were overtly sexual in nature.

50. Plaintiff was subjected to text messages, sent by Defendant Kimberly Hudson, managing member of Defendant OFT, that contained color photographs of Hudson's erect penis.

51. Defendant Kimberly Hudson's actions, in the setting in which they occurred, were so extreme and outrageous as to go beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

52. In fact, Defendant Kimberly Hudson's actions, as described in this Cause of Action as pertaining to the photographs and elsewhere in this Complaint above, are deemed sufficiently heinous by the State of Oklahoma to be deemed felonious and worthy of registration on a sex offender registry.

53. Defendant Kimberly Hudson intentionally or recklessly caused severe emotional distress to Plaintiff beyond that which a reasonable person could be expected to endure.

54. As a result of the actions on the part of Defendant Kimberly Hudson, as described herein, Plaintiff's rights were violated, causing her injury.

**PUNITIVE AND EXEMPLARY DAMAGES**

55. Plaintiff Maria Leroy incorporates paragraphs 1 through 54 as if fully set forth verbatim.

56. The acts and omissions by Defendant OFT, as set forth in the preceding paragraphs, demonstrate that Defendant engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

57. The acts and omissions by Defendant Kimberly Andre Hudson, as set forth in the preceding paragraphs, demonstrate that Defendant engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

58. As a direct result of Defendant OFT's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant OFT and sufficient to deter others similarly situated from like behavior, subject to any applicable statutory caps.

59. As a direct result of Defendant Kimberly Andre Hudson's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant Kimberly Andre Hudson and sufficient to deter others similarly situated from like behavior, subject to any applicable statutory caps.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Maria Leroy prays this Court to grant to her the following relief:

A. Judgment against each Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B. Punitive damages against each Defendant as permitted by law;

C. Order Defendants to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D. Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
11114 South Yale Avenue, Suite B
Tulsa, Oklahoma 74137
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Maria Leroy***