# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MARIA LEROY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-207-JED-FHM |
| 1. OUR FAMILY TOUCH, LLC, a Domestic Limited Liability Company, | ) ) ) ) |
| and | ) ) |
| 2. KIMBERLY ANDRE HUDSON, an individual, | ) ) ) ) |
| Defendants. | ) |

## MOTION FOR DEFAULT JUDGMENT

**COMES NOW** Maria Leroy, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and pursuant to FED. R. CIV. P. 55(b), as well as Local Rule LCvR55.1(b), moves the Court for Default Judgment against Defendants Our Family Touch, LLC ("OFT") and Kimberly Andre Hudson for Defendants' failure to timely file an Answer or appropriate Motion after proper service of the instant matter was effected upon Defendants. In furtherance thereof, Plaintiff informs the Court as follows:

### PROCEDURAL HISTORY

1. The instant matter was filed on April 17, 2017. [*Dkt. No. 2*].

2. Service of Complaint and Summons was lawfully effected by certified mail upon Defendants, by and through Defendant Kimberly Andre Hudson (registered agent and Managing Member for OFT), on or by May 31, 2017. [*Dkt. No. 5*].

3. Under FED. R. CIV. P. 12(a)(1)(A)(i), Defendants were required to file an Answer or other Motion not later than June 21, 2017.

4. Pursuant to service of process, Defendants, by and through retained counsel, entered into negotiations with Plaintiff, by and through Plaintiff's counsel, to resolve the instant matter.[1]

5. In good faith pursuit of resolution, Plaintiff agreed to refrain from seeking Default or other remedies as long as Defendants engaged in good faith negotiations aimed at resolving the instant matter.

6. Further, Plaintiff agreed that should an acceptable resolution be achieved, Plaintiff would file a Stipulation of Dismissal under FED. R. CIV. P. 41(a)(1)(A)(i), which would forever relieve Defendants from filing an Answer.

7. However, per the terms of the agreement between the Parties, should Defendants fail to fulfill their obligations under the agreement, Plaintiff would seek any and all remedies available, including a Default Judgment for failing to timely file an Answer or other Motion pursuant to FED. R. CIV. P. 7 and FED. R. CIV. P. 12.

8. The Parties did reach an agreement, executed by Plaintiff Maria Leroy and Defendant Kimberly Andre Hudson, one in which Defendants were required to meet certain obligations on specific dates, the last date being September 1, 2017.

9. On August 2, 2017, Defendants, by and through Defendant Kimberly Andre Hudson, did remit the first of two installments, as agreed among the parties, that being a payment of Ten Thousand Dollars ($10,000.00).

---

[1] Plaintiff and Defendants attempted to resolve the instant matter while it was still under the jurisdiction of the EEOC, prior to the filing of the instant matter in the Northern District. Resolution was not obtained at the EEOC setting. Counsel for the respective Parties were the same counsel referenced in this Motion.

10. However, Defendants refused to fulfill their remaining obligation, as agreed among the Parties, to remit the second and final installment not later than September 1, 2017.

11. Plaintiff, by and through counsel, did communicate with counsel for Defendants on September 1, 2017, to inquire whether Defendants would fulfill their obligations under the agreement entered into by the Parties.

12. Plaintiff was advised by said counsel for Defendants that Defendants were not likely to comply with the terms of the agreement struck between the Parties.

13. Moreover, it appears that Defendants have since severed their ties with the counsel who represented them in the settlement negotiations; said counsel for Defendants has not entered an appearance in the instant matter.

14. As of the date of this filing, Defendants have failed to fulfill their obligations pursuant to the agreement executed by Plaintiff Maria Leroy and Defendant Kimberly Andre Hudson.

15. As of the date of this filing, Defendants have not filed an Answer or other appropriate Motion in response to Plaintiff's Complaint.

16. Defendants to this action are not in military service, nor are they infants or incompetent persons.

17. Accordingly, on September 15, 2017, Plaintiff filed a Motion for Entry of Default by the Clerk, in compliance with FED. R. CIV. P. 55(a), as well as Local Rule LCvR55.1(a). [*Dkt. No. 6*].

18. Additionally, Plaintiff sent a true and correct copy of the filed Motion for Entry of Default by Clerk via first class mail, postage pre-paid.

19. On September 20, 2017, Plaintiff, by and through counsel, received the mailing referenced in Paragraph 18 above, returned as undeliverable, with the notation that Our Family Touch had moved and their was no forwarding address. *See Pl's Ex. No. 1, attached*.

20. On September 18, 2017, the Clerk's Entry of Default was filed. [*Dkt. No. 7*].

21. On October 18, 2017, the Court entered an Order directing Plaintiff to file a Joint Status Report by October 31, 2017, or proceed accordingly with the prosecution of this matter. [*Dkt. No. 8*].

22. As of the date of this filing, Defendants have made no attempt to comply with the terms of the Agreement entered into by the Parties, as described above, nor have Defendants filed an Answer to Plaintiff's Complaint.

23. Plaintiff now seeks Judgment by Default against Defendants Our Family Touch, LLC and Kimberly Andre Hudson in the amount of Fifty Thousand Dollars ($50,000.00), which is the statutory cap for all damages imposed by 42 U.S.C. § 1981a(b)(3)(A), for Plaintiff's Causes of Action Numbers One (Hostile Work Environment) and Two (Constructive Discharge), which sound in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

24. Plaintiff also seeks Judgment by Default against Defendants Our Family Touch, LLC and Kimberly Andre Hudson in the amount of Ten Thousand Dollars ($10,000.00), for Plaintiff's Cause of Action Number Three (Intentional Infliction of Emotional Distress), which sounds in Oklahoma common law, but because it emanates from the same transaction or occurrence, it is cognizable under this Court's jurisdiction pursuant to 28 U.S.C. § 1367(a).

25. Plaintiff concedes and recognizes Defendants' right to a set-off in the amount of Ten Thousand Dollars ($10,000.00) against Plaintiff's requested damages due to the payment Defendants remitted on August 2, 2017, as delineated in Paragraph 9 above.

26. Plaintiff also seeks attorney's fees and costs commensurate with Plaintiff's pursuit of this matter, to be determined subsequent to the Court's granting the instant Motion. *See* 42 U.S.C. § 2000e-5(k).

### ARGUMENT AND AUTHORITIES

Default Judgment is available when a non-responsive party effectively brings the adversary process to a halt. *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotes and citation omitted). "In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *Id*. The defendant's culpability – willfully acting or failing to act without excuse – is to be considered by the Court. *Cochran v. Shri Ambaji Corp.*, 2015 U.S. Dist. LEXIS 59176 at *5 (D. Kan. 2015) (Unpublished) (*attached as Pl's Ex. No. 2*). "A defendant's knowledge of a lawsuit and his postservice actions play a role in measuring the willfulness of a defendant's default. A defendant that has actual or constructive notice of a lawsuit, yet completely fails to answer or otherwise communicate with the Court, willfully disregards the court's authority." *Id*. (internal quotes and citations omitted). FED. R. CIV. P. 55 makes provision for granting a Default Judgment "'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules.'" *Heber v. United States*, 145 F.R.D. 576, 577 (D. Utah 1992) (quoting FED. R. CIV. P. 55(a)).

The record of this matter makes undeniably clear that Defendants Our Family Touch, LLC and Kimberly Andre Hudson have failed to appropriately respond, in any manner, to Plaintiff's allegations, as set forth in her Complaint, as required by the Federal Rules of Civil Procedure. Prior to seeking the instant relief, Plaintiff, in good faith, attempted to resolve the

matter, and in a fashion that would clear this case from the Court's dockets without requiring Defendants to file an Answer. However, Defendants reneged on their agreement, and then flatly refused to engage in the process that is designed to resolve legal disputes.

Consequently, Plaintiff now seeks redress as provided by FED. R. CIV. P. 55(b), as well as this Court's Local Rule. As averred in the *Cochran* decision cited above, "[A] workable system of justice requires that litigants not be free to appear at their pleasure." *Cochran v. Shri Ambaji Corp.*, *supra,* at *4 - *5 (quoting *In re Rains*, *supra*).

## PRAYER FOR RELIEF

**WHEREFORE,** pursuant to FED. R. CIV. P. 55(b) and Local Rule LCvR55.1(b), Plaintiff Maria Leroy prays the Court to grant to her the following relief:

A.    A Default Judgment against Defendants Our Family Touch, LLC and Kimberly Andre Hudson;

B.    Judgment in the amount of Fifty Thousand Dollars ($50,000.00) against Defendants under Causes of Action Numbers One and Two as set forth in Plaintiff's Complaint;

C.    Judgment in the amount of Ten Thousand Dollars ($10,000.00) against Defendants under Causes of Action Number Three as set forth in Plaintiff's Complaint;

D.    Attorney's fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

E.    Any other further relief the Court deems appropriate.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ Timothy S. Kittle
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979

11114 South Yale Avenue, Suite B
Tulsa, Oklahoma 74137
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Maria Leroy***

## **CERTIFICATE OF SERVICE**

     The undersigned, counsel for Plaintiff Maria Leroy, affirms that on October 30, 2017, a true and correct copy of foregoing Motion for Default Judgment was caused to be sent to Defendants OFT and Kimberly Andre Hudson, by first class mail, postage prepaid, to the address at which Service of Process was effected upon said Defendants:

    Our Family Touch, LLC
    Kimberly Andre Hudson
    1022 North 3rd Street
    Jenks, Oklahoma 74037

                                                 /s/ Timothy S. Kittle