## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1.  MARIA LEROY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-cv-207-JED-FHM** |
| | ) | |
| **1.  OUR FAMILY TOUCH, LLC, a Domestic Limited Liability Company,** | ) ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **2.  KIMBERLY ANDRE HUDSON, an individual,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF BILL OF COSTS

**COMES NOW** Maria Leroy, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, MCMURRAY ‖ KEESLING, and pursuant to 28 U.S.C. § 1920, FED. R. CIV. P. 54(d)(1), as well as Local Rule LCvR54.1, moves the Court for the award of costs to Plaintiff as the prevailing party.   In furtherance thereof, Plaintiff informs the Court as follows:

### PROCEDURAL HISTORY /AUTHORITIES

1.      The instant matter was filed on April 17, 2017.  [*Dkt. No. 2*].

2.      Service of Complaint and Summons was lawfully effected by certified mail upon Defendants, by and through Defendant Kimberly Andre Hudson (registered agent and Managing Member for OFT), on or by May 31, 2017.  [*Dkt. No. 5*].

3.      Defendants failed to file an Answer or otherwise plead to Plaintiff's Complaint.

4.  Undersigned counsel entered into negotiations with Defendant Hudson and his counsel to resolve the instant matter, which would negate the necessity of Defendants filing an Answer.

5.  Pursuant thereto, an agreement was reached, and a memorialization of said agreement was executed by Plaintiff, Defendant Kimberly Andre Hudson (on behalf of himself and Defendant Our Family Touch), as well as their respective counsel.

6.  However, Defendants failed to fully perform the obligations to which they agreed under the terms of the above referenced agreement.

7.  Additionally, Defendants failed to file an Answer to Plaintiff's Complaint.

8.  Accordingly, on September 15, 2017, Plaintiff filed her Motion for Entry of Default by the Clerk. *[Dkt. No. 6]*.

9.  On September 18, 2017, the Clerk of Court for the Northern District of Oklahoma entered a default as requested. *[Dkt. No. 7]*.

10.  Thereafter, on October 30, 2017, Plaintiff filed her Motion for Default Judgment. *[Dkt. No. 9]*.

11.  On June 6, 2018, the Court issued its Opinion an Order, setting a hearing on Plaintiff's Motion for Default Judgment for July 9, 2018. *[Dkt. No. 10]*.

12.  At said hearing, testimony was adduced from Plaintiff, and the Court directed undersigned counsel to submit affidavits pertaining to their billing connected with the instant matter.

13.  Undersigned counsel filed the ordered affidavits on July 9, 2018. *[Dkt. Nos. 12 and 13]*.

14.     On July 10, 2018, the Court issued its Opinion, finding in favor of Plaintiff in the amount of $500.00 for her Title VII claim and $500.00 for her Intentional Infliction of Emotional Distress ("IIED") claim; the Court also directed undersigned counsel to file the instant Motion in order to request compensation for attorney's fees incurred in the instant matter. *[Dkt. No. 14]*.

15.     On July 10, 2018, the Court entered a Judgment of Default in favor of Plaintiff consistent with its Opinion. *[Dkt. No. 15]*.

16.     Accordingly, Plaintiff is indisputably the "prevailing party" in this matter. "A prevailing party is one that succeeds on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1252 (D. Kan. 2017) (quotation and citation omitted).

17.     Plaintiff incurred certain costs associated litigating this matter, which are delineated in the Bill of Costs and exhibits attached thereto, which are being filed contemporaneously with this Motion.

18.     "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

19.     "Unlike attorneys' fees, statutory costs are generally awarded as of course to the prevailing party." *Wood v. Cendant Corp.*, 504 F. Supp. 2d 1174, 1179 (N.D. Okla. 2007) (internal quotes omitted).

### PRAYER FOR RELIEF

**WHEREFORE,** pursuant to 28 U.S.C. § 1920, FED. R. CIV. P. 54(d)(1), as well as Local Rule LCvR54.1, Plaintiff Maria LeRoy prays the Court will grant to her the relief requested, that being an award of costs in the amount of $416.21, as well as any further relief the Court deems appropriate.

Respectfully submitted,

**MCMURRAY || KEESLING**

/s/ Timothy S. Kittle
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
(918) 998-9350 – Telephone
(918) 998-9360 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Maria Leroy***

## CERTIFICATE OF SERVICE

The undersigned, counsel for Plaintiff Maria Leroy, affirms that on July 16, 2018, a true and correct copy of foregoing Motion for Costs was caused to be sent to Defendants OFT and Kimberly Andre Hudson, by first class mail, postage prepaid, to the address at which Service of Process was effected upon said Defendants (last known address):

Our Family Touch, LLC
Kimberly Andre Hudson
1022 North 3rd Street
Jenks, Oklahoma 74037

/s/ Timothy S. Kittle